NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DARLENE BURLEY,
*Plaintiff/Appellant*,

*v.*

ERIC ALI,
*Defendant/Appellee.*

No. 1 CA-CV 14-0417
FILED 3-19-2015

Appeal from the Superior Court in Maricopa County
No.  CV2009-002491
The Honorable J. Richard Gama, Judge

**AFFIRMED**

COUNSEL

Darlene Burley, Phoenix
*Plaintiff/Appellant*

Eric Ali, Tempe
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

¶1          Darlene Burley appeals from a bench trial verdict dismissing her claims against Eric Ali. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          A vehicle owned by Burley was towed to Ali's mechanical shop in January 2005. Ali told Burley the vehicle needed a new engine and gave Burley a cost estimate. Burley told Ali she could not afford to have the work done and would get back to him. The vehicle then sat on Ali's shop premises for the next three years and eleven months.

¶3          Ali contacted Elite Auto Parts in November 2008 to have Burley's vehicle towed from his shop premises. According to Ali, the towing company used by Elite Auto Parts notified the Arizona Motor Vehicles Division (MVD) that the vehicle was abandoned. An MVD abandoned vehicle notice was mailed to Burley in January 2009. Burley received the notice and attempted to claim the vehicle from Elite Auto Parts, but she could not afford to do so. According to Burley, Elite Auto Parts had stripped the vehicle for parts.

¶4          Burley filed a civil claim in justice court against Ali that sought damages for the loss of her vehicle. Ali counterclaimed. The action was removed to superior court and deemed subject to mandatory arbitration. An arbitrator awarded Burley $1,651, finding that "Ali failed to give proper notice as required by [Arizona Revised Statutes Title 28]." Ali's counterclaim was denied.[1] Burley timely appealed the arbitration award.

---

[1]          On appeal, Burley continues to make arguments related to Ali's counterclaim. Ali did not appeal the arbitrator's dismissal of his counterclaim, and he likewise did not pursue or attempt to pursue the counterclaim when Burley's complaint went to trial at the superior court.

¶5          A bench trial was held in superior court, with both sides representing their positions pro per. After trial, the superior court concluded that Burley "failed to present any substantive evidence that . . . impeached the testimony of [Ali]," that Burley was "not entitled to relief under any interpretation of the facts proven," and that Burley had "failed to state any viable legal claim." The trial court accordingly granted judgment in Ali's favor by dismissing Burley's complaint. Burley timely appealed, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and -2101.A.1 (West 2015).[2]

**DISCUSSION**

¶6          Burley contends the trial proceedings were unfair based on the trial court's behavior towards her and its alleged failure to accommodate her special needs in the courtroom. The trial court has broad discretion in managing trial proceedings, *see* Arizona Rule of Evidence 611(a), and we review the trial court's actions in managing proceedings for an abuse of discretion. *Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶ 13 (App. 2010).

¶7          The record does not support Burley's assertions that the trial court treated her unfairly and failed to accommodate her special needs. The record shows that Burley received a full opportunity to present her case, introduce evidence, and examine witnesses. The record further shows that the trial court admitted and considered all of the evidence Burley offered. Finally, the trial transcript does not support Burley's assertion that the trial court failed to accommodate her special needs in the courtroom. Although Burley stated early on at trial that she had difficulty hearing, Burley never again suggested that she could not hear, understand, or fully participate in the proceedings. Indeed, the record shows that she was well aware of what the judge and witnesses were saying throughout trial. The trial court therefore did not abuse its discretion in managing the proceedings of this case.

¶8          Burley also argues the weight of evidence does not support the trial court's verdict. "When reviewing a verdict, we review the evidence

---

Thus, the arbitrator's decision dismissing Ali's counterclaim stands, and the counterclaim is no longer at issue.

2          We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

in a light most favorable to sustaining the verdict." *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009) (internal citation omitted). Because the trial court is in the best position to judge the credibility of witnesses and weigh evidence, we will affirm the trial court's factual findings unless clearly erroneous. *Id.* On appeal, we will not reweigh the evidence "as long as substantial evidence supports the trial court's ruling." *CSA 13-101 Loop, LLC v. Loop 101, LLC*, 233 Ariz. 355, 364, ¶ 29 (App. 2013). "Substantial evidence is any relevant evidence from which a reasonable mind might draw a conclusion." *Higgins v. Assmann Elec., Inc.*, 217 Ariz. 289, 296, ¶ 26 (App. 2007) (internal citation omitted).

**¶9**        We have reviewed the entire record presented in this case, and it supports the trial court's verdict. The evidence and testimony presented by Burley do not, as a matter of law, establish Ali's liability for damages. Burley reiterates the evidence presented to the trial court, but she fails to develop any legal argument that shows anything other than her dissatisfaction with the verdict. Because substantial evidence supports the trial court's verdict, we will not disturb it on appeal.

**CONCLUSION**

**¶10**        The trial court's verdict is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4